**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

IVAN RAMOS; CEDRIC HOLDER; JUAN SANTOS;
YAMILE ESCOBAR; DIEGO ESCOBAR

                                    Plaintiffs,

    v.                                                        No. 11-CV-1242
                                                                  (MAD/CFH)

THE GOLUB CORPORATION,

                                    Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

DeLORENZO LAW FIRM, LLP              CORY R. DALMATA, ESQ.
Attorney for Plaintiffs
The Lupe Building
670 Franklin Street, 2nd Floor
Schenectady, New York 12305

PARISI, COAN & SACCOCIO, PLLC       PATRICK J. SACCOCIO, ESQ.
Attorney for Defendant
376 Broadway
2nd Floor
Schenectady, New York 12302

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

      Plaintiffs have commenced this civil rights action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq., alleging retaliation and discrimination on the basis of race and national origin. Compl. (Dkt. No. 1). Their complaint asserts claims arising from separate incidents of harassment. Pursuant to a Stipulation and Order signed November 28, 2012, the claims of plaintiffs Juan Santos, Yamille Escobar, and Diego

Escobar were severed from each other and from the claims of plaintiffs Ivan Ramos and Cedric Holder. Dkt. No. 18.

**WHEREFORE**, in light of the stipulation signed by both parties agreeing to the aforementioned severance of claims; it is hereby **RECOMMENDED** as follows:

1. The claims of plaintiffs Juan Santos, Yamille Escobar, and Diego Escobar should be severed from each other and from the claims of plaintiffs Ivan Ramos and Cedric Holder.

2. The clerk should be directed to open three new civil actions in the name of (1) plaintiff Juan Santos against defendant The Golub Corporation; (2) plaintiff Yamille Escobar against defendant The Golub Corporation; and (3) plaintiff Diego Escobar against defendant The Golub Corporation, and assign these cases, as a related matter, to District Judge Mae A. D'Agostino and myself as the assigned magistrate judge.

3. Plaintiffs Juan Santos, Yamille Escobar, and Diego Escobar should be directed to either pay the required filing fee of $350 or submit an application for leave to proceed in forma pauperis ("IFP") in the new actions within thirty days of the date of the court's order acting on this recommendation.

4. In the event that plaintiffs Juan Santos, Yamille Escobar, and Diego Escobar neither pay the filing fee nor submit an IFP application, the clerk should be directed to dismiss the newly opened actions.

5. Plaintiffs Juan Santos, Yamille Escobar, and Diego Escobar should be dismissed as parties from this action and the caption reformatted to reflect that it involves claims only of plaintiffs Ivan Ramos and Cedric Holder against The Golub Corporation,

provided, however, that for statute of limitations purposes plaintiffs Juan Santos's, Yamille Escobar's, and Diego Escobar's claims against defendant The Golub Corporation should be deemed to relate back to the filing of this action.

6. Upon receipt of the filing fee or the issuance of an order granting plaintiffs Juan Santos's, Yamille Escobar's, and Diego Escobar's leave to proceed IFP, the court clerk should be directed to issue summonses to defendant The Golub Corporation. Plaintiffs Juan Santos, Yamille Escobar, and Diego Escobar should then be given ninety (90) days from that date, absent an extension of that time, to effectuate service upon those defendants.

It is further **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**

Date:  January 23, 2013
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

3